**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **ANA CAROLINA DE LA ROSA MACAS** | **CASE NO. 07-05185 BKT** |
| **RAFAEL TORRES LAUREANO** | **CHAPTER 13** |
| **Debtor(s)** | **ADVERSARY NO. 12-00053** |
| **ANA CAROLINA DE LA ROSA MACAS** | |
| **RAFAEL TORRES LAUREANO** | |
| **Plaintiff** | |
| **MAZA & GREEN ATTORNEYS AND** | **FILED & ENTERED ON 05/11/2012** |
| **COUNSELORS AT LAW** | |
| **Defendant(s)** | |

**ORDER**

This proceeding is before the Court upon Defendants' motion to shorten terms of discovery (Dkt No. 10), and Plaintiffs' motion for reconsideration (Dkt No. 16) of the Order allowing the limited discovery proposed by Defendants (Dkt No. 12). For the reasons set forth below, Plaintiffs' motion for reconsideration is DENIED.

**I.     Procedural background**

On April 10, 2012, Defendants sought leave of Court to shorten the response period on a limited discovery comprising two (2) interrogatories and two (2) requests for production of documents, pursuant to Fed. R. Civ. P. 26. (Dkt No. 10). Defendants argued that said discovery request was needed to properly answer the complaint. On April 19, 2012, this Court entered an order granting Defendants' unopposed motion and reducing the period for Plaintiffs to answer the interrogatories to fifteen (15) days. (Dkt No. 12). Plaintiffs filed a motion for reconsideration on April 27, 2012 (Dkt No. 16), stating that Defendants' request to shorten the period to answer to

discovery should have been denied as a matter of law.  Plaintiffs' arguments are threefold.  First, that Defendants' cannot use discovery means to answer a complaint, because they are to admit or deny statements in the complaint without using extrinsic evidence.  Second, that discovery procedures cannot begin until the parties have conferred, pursuant to Fed. R. Civ. P. 26(d), or otherwise ordered by the court.  Finally, that this Court lacks jurisdiction to entertain or rule upon this discovery matter until the parties have addressed the controversy without the Court's intervention, pursuant to Fed. R. Civ. P. 26& 37, made applicable to this proceeding by Fed R. Bankr. P. 7026 & 7037.

**II.      Discussion**

     **A.      Expedited discovery under Fed. R. Civ. P. 26(d)**

Under Fed. R. Civ. P.  26(b)(1), made applicable to this adversary proceeding by Fed R. Bankr. P. 7026, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The limitation with respect to the scope of discovery under Rule 26(b)(1) is that the matter sought to be discovered is not privileged, "[o]ther than that, discovery may be obtained with respect to any matter relevant to the claims or defenses of any party."  10 Collier on Bankruptcy ¶ 9020.01(16th ed.).

Although a party ordinarily may not commence discovery until the parties hold the discovery conference required by Rule 26(f), the parties may engage in discovery earlier, however, if the court has issued an order authorizing the discovery. Fed. R. Civ. P.  26(d)(1). Consequently, a party must obtain leave of court if the party seeks to commence discovery before the time specified in Rule 26(d), given the parties have not agreed otherwise.

The majority of Courts, including within the First Circuit, have applieda "good cause" or "reasonableness" standardwhen considering request for expedited discovery. See Momenta Pharms.,

Inc. v. Teva Pharms. Indus. Ltd., 765 F.Supp.2d 87, 88 (D.Mass.2011); see also 6 Moore's Federal Practice § 26.121 (2011).In a "good cause" analysis, a court must examine the discovery request on the entirety of the record and the "reasonableness" of the request in light of all the surrounding circumstances.Edgenet, Inc. v. Home Depot U.S.A., Inc., 259 F.R.D. 385, 386 (E.D. Wis. 2009);St. Louis Group, Inc. v. Metals and Additives Corp., Inc., 275 F.R.D. 236, 239 (S.D. Tex. 2011). Good cause for expedited discovery may be found when the need for the expedited discovery outweighs the prejudice to the responding party.Edgenet, Inc.,259 F.R.D. at 386; Moore's Federal Practice § 26.121.The party seeking expedited discovery has the burden of establishing the need for early discovery and the burden of showing good cause.St. Louis Group, Inc., 275 F.R.D. at 240, citing Qwest Commc'n Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Moore's Federal Practice § 26.121.  Finally, in allowing expedited discovery, the courts seek that the subject matter related to requests for expedited discovery are narrowly tailored in scope.  St. Louis Group, Inc., 275 F.R.D. at 240; Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

In the present case, Defendants have in fact, narrowly tailored the discovery purportedly needed to answer Plaintiffs' claims and bring forth their defenses.  Once the need for expedited discovery was established by Defendants, and upon Plaintiffs' failure to raise a timely opposition that outweighed Defendants' request, the Court found good cause to grant Defendants' reasonable request for the limited expedited discovery.

With regards to Plaintiffs' allegations that this Court lacks jurisdiction to entertain this discovery matter because the parties failed to confer, or attempted to confer, pursuant to Fed. R. Civ. P. 26& 37, this Court finds that nothing in the cited statues precludes this Court from entertaining Defendants' motion for expedited discovery.  Rule 26(c)(1) & Rule 37(a)(1), require that, prior to requesting that the court issue a protective order or an order to compel discovery, the movant must

attempt to secure the discovery by making a good faith effort to confer with the recalcitrant party. That is not the controversy before this Court.

**B.      Relief from a Judgment or Order**

Plaintiffs'cite no legal authority for their request for reconsideration.  However, Fed. R. Civ. P. 60, made applicable to this adversary proceeding by Fed R. Bankr. P. 9024, affords six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding.  Fed. R. Civ. P. 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud.  10 Collier on Bankruptcy ¶9024.03 (15th ed. rev.).  "[T]he court may relieve a party . . . from a final judgment, order, or proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1); Rule 60(b)(6) permits relief "for any other reason that justifies relief."  Fed R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly.  Karak v. Bursaw Oil Corp. 288 F.3d 15, 19 (1st Cir.2002).  Such relief is available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief.  In re Rodriguez Camacho, 361 B.R. 294 (1st Cir. BAP 2007) (citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir.1997)).  A party who seeks relief under Rule 60(b) must persuade the Court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.  Rodriguez Camacho, *supra* (citing Karak v. Bursaw Oil Corp. 288 F.3d 15, 19 (1st Cir.2002)).

Except for the timeliness of Plaintiffs' motion for relief, none of the above factors have been

demonstrated.Plaintiffs' have failed to allege details showing excusable neglect under a Rule 60(b)(1), or "any other reason justifying relief" under a Rule 60(b)(6).  The Court concludes that Plaintiffs'request for reconsideration is meritless.

WHEREFORE, IT IS ORDERED that Debtors' motion for reconsideration shall be, and it hereby is, DENIED.

**SO ORDERED.**

**San Juan, Puerto Rico, this 11 day of May, 2012.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**